## Hattie M. Balsley, Appellee, v. John Hetzel, Appellant.

### Gen. No. 18,005. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon
CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed
October 9, 1913.

### Statement of the Case.

Action by Hattie M. Balsley against John Hetzel
and Chicago Railways Company to recover for injuries
sustained by plaintiff by reason of collision of a wagon
with a street car at a street intersection, where plaintiff was awaiting to board a street car. Upon suit being discontinued as to the Chicago Railways Company
and judgment entered for plaintiff for two thousand
five hundred dollars, John Hetzel appeals.

LACKNER, BUTZ & MILLER and W. G. SHOCKEY, for appellant.

JOHNSON & BELASCO, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

### Abstract of the Decision.

1. NEGLIGENCE, § 187*—*sufficiency of evidence to sustain verdict
for injuries resulting from collision with wagon.* In an action
to recover for personal injuries sustained by plaintiff by reason
of the negligence of defendant in driving his wagon so as to collide
with plaintiff who was attempting to board a street car, evidence
held sufficient to sustain verdict for plaintiff.

2. RELEASE, § 22*—*Effect of covenant not to sue one of several
tort feasors.* A covenant not to sue one of several tort feasors does
not operate as a release of either the covenantee or the other tort
feasors.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3. RELEASE, § 26*—*questions for jury.* In an action against two tort feasors, the question whether a certain sum paid to plaintiff by one of the defendants after the commencement of the suit was received in satisfaction of all claims against such defendant, *held* properly submitted to the jury.

4. APPEAL AND ERROR, § 1507*—*when restricting cross-examination as to release, not error.* Trial court's ruling in sustaining objections to questions asked plaintiff on cross-examination relative to her acceptance of a certain sum paid plaintiff by one of the defendants, *held* not error where the court allowed counsel large latitude in questioning witness as to such subject.